SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

—————————————————————X

ROBERT NICOL,

                    Plaintiff,

     -against-


OUR LADY OF LOURDES a/k/a OUR LADY OF
LOURDES CHURCH MALVERNE a/k/a OUR LADY OF
LOURDES PARISH, OUR LADY OF
LOURDES SCHOOL, and SISTERS OF THE
ORDER OF ST. DOMINIC,


                    Defendants.

—————————————————————X
The Above-Named Defendants:

Date Index No. Purchased:

Index No.:

Plaintiff designates Nassau
County as the place of trial.

The basis of venue is
Defendant's residence.

**SUMMONS**


     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     July 15, 2021

Yours, etc.,

By: Adam P. Slater, Esq.
SLATER SLATER SCHULMAN LLP
*Counsel for Plaintiff*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922-0906


Linc C. Leder, Esq.
SLATER SLATER SCHULMAN LLP
*Counsel for Plaintiff*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922-0906

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 2 of 59 PageID #: 10

TO:   **OUR LADY OF LOURDES**
      65 Wright Avenue
      Malverne, New York 11565

      **OUR LADY OF LOURDES SCHOOL**
      76 Park Boulevard
      Malverne, New York 11565

      **SISTERS OF THE ORDER OF ST. DOMINIC**
      555 Albany Avenue
      Amityville, New York 11701

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 3 of 59 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

———————————————————————X

ROBERT NICOL,

              Plaintiff,

   -against-

OUR LADY OF LOURDES a/k/a OUR LADY OF
LOURDES CHURCH MALVERNE a/k/a OUR LADY OF
LOURDES PARISH, OUR LADY OF LOURDES
SCHOOL, and SISTERS OF THE ORDER OF ST.
DOMINIC,

              Defendants.

———————————————————————X

Date Filed:
Index No.:

**VERIFIED COMPLAINT**

      Plaintiff, ROBERT NICOL ("Plaintiff"), by his attorneys Slater Slater Schulman LLP,

brings this action against Defendants, OUR LADY OF LOURDES, OUR LADY OF LOURDES

SCHOOL, and SISTERS OF THE ORDER OF ST. DOMINIC, ("Parish"), OUR LADY OF

LOURDES SCHOOL ("School"), and SISTERS OF THE ORDER OF ST. DOMINIC ("Sisters

of St. Dominic of Amityville"), and alleges, on personal knowledge as to himself and on

information and belief as to all other matters, as follows:

<strong>JURISDICTION AND VENUE</strong>

      1.      This action is brought pursuant to the Child Victims Act ("CVA"). *See* CPLR §

214-g and 22 NYCRR 202.72; as it alleges physical, psychological, and emotional

injuries/damages suffered as a result of conduct against an infant that constitutes one or more

sexual offenses as defined in Article 130 of the New York Penal Law, including without limitation,

conduct constituting sexual abuse (consisting of sexual contact) (N.Y. Penal Law §§ 130.55 -

130.77).

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 4 of 59 PageID #: 12

2.      This Court has personal jurisdiction over School pursuant to CPLR §§ 301 and 302, as School resides in New York or conducts, or at relevant times conducted, activities in New York that give rise to the claims asserted herein.

3.      This Court has personal jurisdiction over the Parish pursuant to CPLR §§ 301 and 302, as the Parish resides in New York or conducts, or at relevant times conducted, activities in New York that give rise to the claims asserted herein.

4.      This Court has personal jurisdiction over the Sisters of St. Dominic of Amityville pursuant to CPLR §§ 301 and 302, as the Sisters of St. Dominic of Amityville reside in New York or conduct, or at relevant times conducted, activities in New York that give rise to the claims asserted herein.

5.      This Court has jurisdiction over this action because the amount of damages Plaintiff is seeking exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

6.      Venue for this action is proper in the County of Nassau pursuant to CPLR § 503 as one or more Defendants reside in this County.

## **PARTIES**

7.      Plaintiff is an individual residing in Westchester County, New York. Plaintiff was an infant at the time of the abuse alleged herein.

8.      Whenever reference is made to any defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors.  In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business affairs.

4

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 5 of 59 PageID #: 13

9.      At all times material to this complaint, School was a non-profit educational corporation, organized exclusively for charitable, religious, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.

10.     School is authorized to conduct business under the laws of the State of New York, with its principal place of business at 76 Park Boulevard, Malverne, New York 11565.

11.     At all times material to this complaint, the School operated under the control of the Parish and Sisters of St. Dominic of Amityville.

12.     At all times material to this complaint, the School operated for the benefit of the Parish and Sisters of St. Dominic of Amityville.

13.     The Parish was and continues to be a non-profit religious corporation, organized exclusively for charitable, religious, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.

14.     The Parish was and remains authorized to conduct business under the laws of the State of New York.

15.     The Parish's principal place of business is 65 Wright Avenue, Malverne, New York 11565.

16.     The Parish oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including the School.

17.     At all times material to this complaint, the Parish had and continues to have various programs and activities that seek the participation of children.

18.     At all times material to this complaint, the Parish, through its agents, servants, or employees had and continues to have control over its programs involving children, including the School.

5

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 6 of 59 PageID #: 14

19.     At all times material to this complaint, the Parish employed individuals working with or alongside children and providing said children guidance or instruction including, but not limited to, those at the Parish, Sisters of St. Dominic of Amityville, and School.

20.     The Sisters of St. Dominic of Amityville are a non-profit religious corporation, organized exclusively for charitable, religious, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.

21.     The Sisters of St. Dominic of Amityville are a Roman Catholic Religious order of women with their primary place of business located at 555 Albany Avenue, Amityville, New York 11701.

22.     The Sisters of St. Dominic of Amityville are authorized to conduct business under the laws of the State of New York.

23.     The Sisters of St. Dominic of Amityville oversaw and continue to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including most predominantly schools and the School.

24.     At all times material to this complaint, the Sisters of St. Dominic of Amityville had and continue to have various programs and activities that seek the participation of children.

25.     At all times material to this complaint, the Sisters of St. Dominic of Amityville, through their agents, servants, or employees, had and continues to have control over their activities involving children, including the School.

26.     At all times material to this complaint, the Sisters of St. Dominic of Amityville had and continue to have the power to employ individuals working with or alongside children and providing said children guidance or instruction including, but not limited to, those at the Parish, Sisters of St. Dominic of Amityville, and School.

6

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 7 of 59 PageID #: 15

27.     At all times material to this complaint, the Sisters of St. Dominic of Amityville

participated in the management, control, and operation of the School.

28.     At all times material to this complaint, the Sisters of St. Dominic of Amityville

operated under the control of the Parish.

29.     At all times material to this complaint, the Sisters of St. Dominic of Amityville

operated for the benefit of the Parish.

30.     The Diocese of Rockville Center ("Diocese") is not a party to this civil action.

31.     On October 1, 2020, the Diocese filed a petition for reorganization under Chapter

11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York (Case No. 20-12345) and is currently the debtor in the pending bankruptcy

proceeding.

32.     The Diocese is not a named nor pled defendant due to the automatic stay provision

of the United States Code. See 11 U.S.C. § 362 et seq.

33.     Although not a party to this civil action, the Diocese oversaw and continues to

oversee a variety of liturgical, sacramental, educational, and faith formation programs, including

schools and the School; the Diocese had and continues to have various programs and activities that

seek the participation of children; the Diocese through its agents, servants, or employees, had and

continues to have control over those activities involving children; the Diocese had and continues

to have the power to employ individuals working with or alongside children and providing said

children guidance or instruction under the auspices of the Diocese including, but not limited to,

those at the Parish, Sisters of St. Dominic of Amityville, and School; Abuser, as defined below,

was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the

Diocese, Abuser remained under the control and supervision of the Diocese.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 8 of 59 PageID #: 16

34.     At all times material to this complaint, Father Valentine Stortz ("Abuser") was a priest and pastor at the Parish and School.

35.     Upon information and belief, Father Valentine Stortz died in 1987.

36.     At all times material to this complaint, Abuser was an agent, servant, or employee of the Parish.

37.     At all times material to this complaint, Abuser was an agent, servant, or employee of the School.

38.     At all times material to this complaint, Abuser was an agent, servant, or employee of the Sisters of St. Dominic of Amityville.

39.     At all times material to this complaint, while an agent, servant or employee of the Parish, Abuser remained under the control and supervision of the Parish.

40.     At all times material to this complaint, while an agent, servant, or employee of the Parish, Abuser remained under the control and supervision of the School.

41.     At all times material to this complaint, while an agent, servant, or employee of the Parish, Abuser remained under the control and supervision of the Sisters of St. Dominic of Amityville.

42.     At all times material to this complaint, while an agent, servant, or employee of the School, Abuser remained under the control and supervision of the Parish.

43.     At all times material to this complaint, while an agent, servant, or employee of the School, Abuser remained under the control and supervision of the School.

44.     At all times material to this complaint, while an agent, servant, or employee of the School, Abuser remained under the control and supervision of the Sisters of St. Dominic of Amityville.

8

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 9 of 59 PageID #: 17

45. At all times material to this complaint, while an agent, servant, or employee of the Sisters of St. Dominic of Amityville, Abuser remained under the control and supervision of the Parish.

46. At all times material to this complaint, while an agent, servant, or employee of the Sisters of St. Dominic of Amityville, Abuser remained under the control and supervision of the School.

47. At all times material to this complaint, while an agent, servant, or employee of the Sisters of St. Dominic of Amityville, Abuser remained under the control and supervision of the Sisters of St. Dominic of Amityville.

48. The Parish placed Abuser in positions where he had immediate access to children.

49. The School placed Abuser in positions where he had immediate access to children.

50. The Sisters of St. Dominic of Amityville placed Abuser in positions where he had immediate access to children.

51. The Parish placed Abuser in positions where he had unfettered and prolonged unsupervised access to children.

52. The School placed Abuser in positions where he had unfettered and prolonged unsupervised access to children.

53. The Sisters of St. Dominic of Amityville placed Abuser in positions where he had unfettered and prolonged unsupervised access to children.

## **BACKGROUND**

54. By tradition, Roman Catholics and those within their custody and control, including Plaintiff, are taught to hold religious figures in the highest esteem as earthly representatives of God, and that religious figures, unlike lay people, belong to a separate and higher state in life, which Defendants represent to be of divine origin and which they represent, entitles them to special

9

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 10 of 59 PageID #: 18

privileges. For these and other reasons relating to the practice of the Roman Catholic Church, religious figures, and other individuals in leadership positions in the Roman Catholic Church, have traditionally occupied positions of great trust, respect, and allegiance among adults and children, including Plaintiff.

55.     The pattern and practice of intentionally refusing or failing to disclose the identities and locations of sexually inappropriate or abusive clerics has been practiced by the Catholic Church for decades and continues through current day. The failure to disclose the identities of such allegedly sexually inappropriate or abusive clerics is unreasonable and knowingly, or recklessly, creates or maintains a condition that endangers the safety and health of members of the public, and more specifically, Plaintiff herein.

56.     Moreover, Roman Catholic Church officials, including Defendants herein, have used their power and influence to prevent victims of such abuse and their families from disclosing allegations of abuse.

## **FACTS**

57.     Plaintiff was raised in a devout Roman Catholic family and, in approximately 1961, when Plaintiff was about six (6) years old, he began attending the School because his parents were religious and believed that Plaintiff would therein receive a superior education.

58.     Plaintiff attended the School for his elementary and middle school education, a parochial school under the authority of the Parish and Sisters of St. Dominic of Amityville.

59.     Plaintiff attended the School in or around the approximate years of 1961 to 1969, when then infant Plaintiff was approximately six (6) to fourteen (14) years old.

60.     Plaintiff and his family also attended the Parish for religious instruction and devotion.

10

61.     At all times material to this complaint, Abuser was Plaintiff's priest at the School and Parish, and provided educational and religious instruction to infant Plaintiff under the auspices of the Parish, School, and Sisters of St. Dominic of Amityville.

62.     At all times material to this complaint, Abuser was an adult.

63.     Upon information and belief, Abuser is also accused of sexually abusing another child from 1963 to 1965 at St. Martin of Tours Parish in Bethpage.

64.     Between the approximate years of 1961 and 1969, Plaintiff engaged in recreational, educational, and religious activities at the School and Parish.

65.     During said activities, Plaintiff, as a vulnerable minor, was dependent on the Defendants and Abuser for his care and welfare.

66.     During said activities, Defendants had custody of Plaintiff and accepted the entrustment of then infant Plaintiff.

67.     During said activities, Defendants were responsible for, and had authority over, then infant Plaintiff.

68.     Under the doctrine of *in loco parentis*, Defendants assumed duties to protect then infant Plaintiff from harm.

69.     Through Abuser's position at, within, or for the Parish, School, and Sisters of St. Dominic of Amityville, Abuser was put in direct contact with Plaintiff, a minor student or parishioner of the Parish, School, and Sisters of St. Dominic of Amityville.

70.     Under these circumstances, Plaintiff came to be under the direction, contact, and control of Abuser, who used his position of authority and trust to manipulate, sexually abuse, and sexually harass then infant Plaintiff.

71.     On numerous occasions, from approximately 1966 through about 1967, while Plaintiff was a minor, Abuser, while acting as a priest, counselor, teacher, trustee, director, officer,

11

employee, agent, servant, or volunteer of the Parish, sexually assaulted, sexually abused, or had sexual contact with Plaintiff in violation of the laws of the State of New York, including New York's Penal Law Article 130.

72.     On numerous occasions, from approximately 1966 through about 1967, while Plaintiff was a minor, Abuser, while acting as a priest, counselor, teacher, trustee, director, officer, employee, agent, servant, or volunteer of the School, sexually assaulted, sexually abused, or had sexual contact with Plaintiff in violation of the laws of the State of New York, including New York's Penal Law Article 130.

73.     On numerous occasions, from approximately 1966 through about 1967, while Plaintiff was a minor, Abuser, while acting as a priest, counselor, teacher, trustee, director, officer, employee, agent, servant, or volunteer of the Sisters of St. Dominic of Amityville, sexually assaulted, sexually abused, or had sexual contact with Plaintiff in violation of the laws of the State of New York, including New York's Penal Law Article 130.

74.     Specifically, the abuse included, but was not limited to, Abuser fondling and groping then infant Plaintiff's genitals and forcing then infant Plaintiff to masturbate Abuser until Abuser ejaculated.

75.     Said sexual abuse occurred twice over the course of approximately three months in the basement and rectory of the Parish.

76.     Abuser's sexual abuse of Plaintiff only ceased after Plaintiff stopped serving as an altar boy.

77.     Plaintiff's relationship to the Parish, as a vulnerable minor, parishioner, and participant in its religious and instructional activities, was one in which Plaintiff was subject to its ongoing influence. The dominating culture of the Catholic Church over Plaintiff pressured Plaintiff not to report Abuser's sexual abuse.

12

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 13 of 59 PageID #: 21

78.     Plaintiff's relationship to the School, as a vulnerable minor, student, and participant in its religious and instructional activities, was one in which Plaintiff was subject to its ongoing influence.  The dominating culture of the Catholic Church over Plaintiff pressured Plaintiff not to report Abuser's sexual abuse.

79.     Plaintiff's relationship to the Sisters of St. Dominic of Amityville, as a vulnerable minor, student, and participant in their religious and instructional activities, was one in which Plaintiff was subject to their ongoing influence.  The dominating culture of the Catholic Church over Plaintiff pressured Plaintiff not to report Abuser's sexual abuse.

80.     At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the Parish.

81.     At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the School.

82.     At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the Sisters of St. Dominic of Amityville.

83.     The Parish knew, or reasonably should have known, or knowingly condoned, or covered up, the inappropriate and unlawful sexual activities of Abuser.

84.     The School knew, or reasonably should have known, or knowingly condoned, or covered up, the inappropriate and unlawful sexual activities of Abuser.

85.     The Sisters of St. Dominic of Amityville knew, or reasonably should have known, or knowingly condoned, or covered up, the inappropriate and unlawful sexual activities of Abuser.

86.     The Parish negligently or recklessly believed Abuser was fit to work with children, that any previous problems Abuser had were fixed and cured, that Abuser would not sexually molest children, and that Abuser would not injure children.

13

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 14 of 59 PageID #: 22

87.     The School negligently or recklessly believed Abuser was fit to work with children, that any previous problems Abuser had were fixed and cured, that Abuser would not sexually molest children, and that Abuser would not injure children.

88.     The Sisters of St. Dominic of Amityville negligently or recklessly believed Abuser was fit to work with children, that any previous problems Abuser had were fixed and cured, that Abuser would not sexually molest children, and that Abuser would not injure children.

89.     The Parish had the responsibility to supervise and direct its employees or agents serving at the Parish or School, and specifically had a duty not to aid individuals such as Abuser by assigning, maintaining, or appointing, him to a position with unfettered access to minors.

90.     The School had the responsibility to supervise and direct its employees or agents serving at the Parish or School, and specifically had a duty not to aid individuals such as Abuser by assigning, maintaining, or appointing, him to a position with unfettered access to minors.

91.     The Sisters of St. Dominic of Amityville had the responsibility to supervise and direct their employees or agents serving with the Parish or School, and specifically had a duty not to aid individuals such as Abuser by assigning, maintaining, or appointing, him to a position with unfettered access to minors.

92.     By holding Abuser out as safe to work with children and undertaking the custody, supervision, and care of minor Plaintiff as a parishioner and student, the Parish entered a fiduciary relationship with Plaintiff.  As a result of Plaintiff being a vulnerable minor and the Parish undertaking his care and guidance, the Parish held a distinct position of power over Plaintiff.

93.     By holding Abuser out as safe to work with children and undertaking the custody, supervision, and care of minor Plaintiff as a parishioner and student, the School entered a fiduciary relationship with Plaintiff.  As a result of Plaintiff being a vulnerable minor and the School undertaking his care and guidance, the School held a distinct position of power over Plaintiff.

14

Case 2:23-cv-04862-HG  Document 1-2  Filed 06/29/23  Page 15 of 59 PageID #: 23

94.     By holding Abuser out as safe to work with children and undertaking the custody, supervision, and care of minor Plaintiff as a parishioner and student, the Sisters of St. Dominic of Amityville entered a fiduciary relationship with Plaintiff.  As a result of Plaintiff being a vulnerable minor and the Sisters of St. Dominic of Amityville undertaking his care and guidance the Sisters of St. Dominic of Amityville held a distinct position of power over Plaintiff.

95.     By holding itself out as being able to provide a safe environment for children, the Parish sought and accepted this position of power over Plaintiff. This empowerment prevented then minor Plaintiff from effectively protecting himself.  As a result, the Parish entered a fiduciary relationship with Plaintiff.

96.     By holding itself out as being able to provide a safe environment for children, the School sought and accepted this position of power over Plaintiff. This empowerment prevented then minor Plaintiff from effectively protecting himself.  As a result, the School entered a fiduciary relationship with Plaintiff.

97.     By holding themselves out as being able to provide a safe environment for children, the Sisters of St. Dominic of Amityville sought and accepted this position of power over Plaintiff. This empowerment prevented then minor Plaintiff from effectively protecting himself.  As a result, the Sisters of St. Dominic of Amityville entered a fiduciary relationship with Plaintiff.

98.     The Parish had a special relationship with Plaintiff.

99.     The School had a special relationship with Plaintiff.

100.    The Sisters of St. Dominic of Amityville had a special relationship with Plaintiff.

101.    The Parish owed Plaintiff a duty of reasonable care because the Parish had knowledge about the risk that Abuser posed to Plaintiff, the risk of abuse in general in its programs, and the risks that its facilities posed to minor children.

15

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 16 of 59 PageID #: 24

102. The School owed Plaintiff a duty of reasonable care because the School had knowledge about the risk that Abuser posed to Plaintiff, the risk of abuse in general in its programs, and the risks that its facilities posed to minor children.

103. The Sisters of St. Dominic of Amityville owed Plaintiff a duty of reasonable care because the Sisters of St. Dominic of Amityville had knowledge about the risk that Abuser posed to Plaintiff, the risk of abuse in general in its programs, and the risks that its facilities posed to minor children.

104. The Defendants owed Plaintiff a duty of reasonable care because they sought out youth or their parents or guardians for participation in their programs; encouraged youth and their parents or guardians to have the youth participate in their programs; undertook custody of said youth; promoted their facilities and programs as being safe for children; held their agents, out as safe to work with children; encouraged youth and their parents or guardians to spend time with their agents; and encouraged their agents, to spend time with, interact with, and welcome children.

105. The Parish owed Plaintiff a duty to protect Plaintiff from harm because the Parish's actions created a foreseeable risk of harm to Plaintiff.

106. The School owed Plaintiff a duty to protect Plaintiff from harm because the School's actions created a foreseeable risk of harm to Plaintiff.

107. The Sisters of St. Dominic of Amityville owed Plaintiff a duty to protect Plaintiff from harm because the Sisters of St. Dominic of Amityville's actions created a foreseeable risk of harm to Plaintiff.

108. At all times material to this complaint, the Defendants, or their agents, or their employees, were responsible and liable for each other's ***negligent*** actions and omissions via, but not limited to, *respondeat superior*. However, Plaintiff does not allege that the doctrine of

16

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 17 of 59 PageID #: 25

*respondeat superior* applies directly to **_intentional_** acts of sexual assault or sexual abuse alleged of the individual perpetrator identified in this complaint.

109.    The Parish's breach of its duties include, but are not limited to: failure to have sufficient policies and procedures to prevent child sexual abuse, failure to properly implement the policies and procedures to prevent child sexual abuse, failure to take reasonable measures to make sure that the policies and procedures to prevent child sexual abuse were working, failure to adequately inform families and children of the risks of child sexual abuse, failure to investigate risks of child sexual abuse, failure to properly train the workers at institutions and programs within the Parish, failure to protect children in their programs from child sexual abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their employees properly to identify signs of child molestation by fellow employees, failure by relying on mental health professionals, or failure by relying on people who claimed that they could treat child molesters.

110.    The School's breach of its duties include, but are not limited to: failure to have sufficient policies and procedures to prevent child sexual abuse, failure to properly implement the policies and procedures to prevent child sexual abuse, failure to take reasonable measures to make sure that the policies and procedures to prevent child sexual abuse were working, failure to adequately inform families and children of the risks of child sexual abuse, failure to investigate risks of child sexual abuse, failure to properly train the workers within the School, failure to protect children in their programs from child sexual abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their employees properly to identify signs of child molestation by fellow employees, failure by relying on mental

17

Case 2:23-cv-04862-HG  Document 1-2  Filed 06/29/23  Page 18 of 59 PageID #: 26

health professionals, or failure by relying on people who claimed that they could treat child molesters.

111.    The Sisters of St. Dominic of Amityville's breach of their duties include, but are not limited to: failure to have sufficient policies and procedures to prevent child sexual abuse, failure to properly implement the policies and procedures to prevent child sexual abuse, failure to take reasonable measures to make sure that the policies and procedures to prevent child sexual abuse were working, failure to adequately inform families and children of the risks of child sexual abuse, failure to investigate risks of child sexual abuse, failure to properly train those within the Sisters of St. Dominic of Amityville, failure to protect children in their programs from child sexual abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their employees properly to identify signs of child molestation by fellow employees, failure by relying on mental health professionals, or failure by relying on people who claimed that they could treat child molesters.

112.    The Parish also breached its duties to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk Abuser posed and the risks of child sexual abuse by its employees or agents.  The Parish also failed to warn Plaintiff about any of the knowledge that it had about child sexual abuse.

113.    The School also breached its duties to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk Abuser posed and the risks of child sexual abuse by its employees or agents.  The School also failed to warn Plaintiff about any of the knowledge that it had about child sexual abuse.

114.    The Sisters of St. Dominic of Amityville also breached their duties to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk Abuser posed and the risks of child sexual

18

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 19 of 59 PageID #: 27

abuse by their employees or agents. The Sisters of St. Dominic of Amityville also failed to warn Plaintiff about any of the knowledge that they had about child sexual abuse.

115.   The Parish also violated a legal duty by failing to report known or suspected abuse of children by Abuser or its other agents to the police and law enforcement.

116.   The School also violated a legal duty by failing to report known or suspected abuse of children by Abuser or its other agents to the police and law enforcement.

117.   The Sisters of St. Dominic of Amityville also violated a legal duty by failing to report known or suspected abuse of children by Abuser or their other agents to the police and law enforcement.

118.   By employing Abuser at the Parish or School, or other facilities under its supervision, the Parish, through its agents, affirmatively represented to minor children and their families that Abuser did not pose a threat to children, did not have a history of molesting children, that the Parish did not know that Abuser had a history of molesting children, and that the Parish did not know Abuser was a danger to children. Plaintiff and Plaintiff's family were induced to rely on these affirmations and did rely on them.

119.   By employing Abuser at the School, the School through its agents, affirmatively represented to minor children and their families that Abuser did not pose a threat to children, did not have a history of molesting children, that the School did not know that Abuser had a history of molesting children, and that the School did not know Abuser was a danger to children. Plaintiff and Plaintiff's family were induced to rely on these affirmations and did rely on them.

120.   By employing Abuser at the School, or other facilities under their supervision, the Sisters of St. Dominic of Amityville through their agents, affirmatively represented to minor children and their families that Abuser did not pose a threat to children, did not have a history of molesting children, that the Sisters of St. Dominic of Amityville did not know that Abuser had a

19

history of molesting children, and that the Sisters of St. Dominic of Amityville did not know Abuser was a danger to children. Plaintiff and Plaintiff's family were induced to rely on these affirmations and did rely on them.

121.    At no time did the Parish ever send an official, investigator, or any employee or independent contractor to advise or provide any form of notice to the parishioners, students, or their families, either verbally or in writing, that there were credible allegations against Abuser and to request anyone who saw, suspected, or suffered sexual abuse, to come forward and file a report with the police department. Rather, the Parish remained silent.

122.    At no time did the School ever send an official, investigator, or any employee or independent contractor to advise or provide any form of notice to the parishioners, students, or their families, either verbally or in writing, that there were credible allegations against Abuser and to request anyone who saw, suspected, or suffered sexual abuse, to come forward and file a report with the police department. Rather, the School remained silent.

123.    At no time did the Sisters of St. Dominic of Amityville ever send an official, investigator, or any employee or independent contractor to advise or provide any form of notice to the parishioners, students, or their families, either verbally or in writing, that there were credible allegations against Abuser and to request anyone who saw, suspected, or suffered sexual abuse, to come forward and file a report with the police department. Rather, the Sisters of St. Dominic of Amityville remained silent.

124.    As a result of Defendants' conduct described herein, Plaintiff has and will continue to suffer personal physical and psychological injuries, including but not limited to great pain of mind and body; severe and permanent emotional distress; physical manifestations of emotional distress; problems sleeping and concentrating; low self-confidence, low self-respect, and low self-esteem; feelings of worthlessness, shamefulness, and embarrassment; feeling alone and isolated;

20

losing faith in God and authority figures; feeling estranged from religion; struggling with gainful employment and career advancement; feeling helpless and hopeless; problems with substance and/or alcohol abuse, problems with sexual and emotional intimacy; relationship problems; trust issues; feeling confused and angry; depression; anxiety; feeling dirty, used, and damaged; experiencing traumatic flashbacks and nightmares; and invasive feelings that his childhood and innocence were stolen. Plaintiff was prevented and will continue to be prevented from performing Plaintiff's normal daily activities; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and, on information and belief, has incurred and will continue to incur loss of income or loss of earning capacity. As a victim of Defendants' misconduct, Plaintiff is unable at this time to fully describe all the details of that abuse and the extent of the harm Plaintiff suffered as a result.

125. The injuries and damages suffered by Plaintiff are specific in kind to Plaintiff, special, peculiar, and above and beyond those injuries and damages suffered by the public.

## NATURE OF ALLEGED CONDUCT

126. This action alleges physical, psychological, and emotional injuries suffered as a result of conduct which would constitute a sexual offense on a minor as defined in Article 130 of the New York Penal Law, including without limitation, conduct constituting sexual abuse (consisting of sexual contact) (N.Y. Penal Law §§ 130.55 - 130.77).

127. The limitation of liability set forth in CPLR Art. 16 is not applicable to the claim of personal injury alleged herein, by reason of one or more of the exemptions provided in CPLR § 1602, including without limitation, that Defendants acted, with reckless disregard for the safety of Plaintiff, or knowingly, or intentionally, in concert with its agents and employees, to retain and permit Abuser mentioned herein unfettered and prolonged unsupervised access to children.

## FIRST CAUSE OF ACTION: NEGLIGENCE

21

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 22 of 59 PageID #: 30

128.    Plaintiff repeats and realleges by reference every allegation set forth above as if fully set forth herein.

129.    The Parish knew or was negligent in not knowing Abuser posed a threat of sexual abuse to children.

130.    The School knew or was negligent in not knowing Abuser posed a threat of sexual abuse to children.

131.    The Sisters of St. Dominic of Amityville knew or were negligent in not knowing Abuser posed a threat of sexual abuse to children.

132.    Prior to the sexual abuse of Plaintiff, the Parish knew or should have known that Abuser was unfit to work with children.  The Parish, by and through its agents, servants or employees knew, or should have known of Abuser's propensity to commit sexual abuse and of the risk to Plaintiff's safety.  At the very least, the Parish knew or should have known that it did not have sufficient information about whether its employees or those working within the Parish or School were safe or not.

133.    Prior to the sexual abuse of Plaintiff, the School knew or should have known that Abuser was unfit to work with children.  The School, by and through its agents, servants or employees knew, or should have known of Abuser's propensity to commit sexual abuse and of the risk to Plaintiff's safety.  At the very least, the School knew or should have known that it did not have sufficient information about whether its employees or those working at the School, were safe or not.

134.    Prior to the sexual abuse of Plaintiff, the Sisters of St. Dominic of Amityville knew or should have known that Abuser was unfit to work with children.  The Sisters of St. Dominic of Amityville, by and through their agents, servants or employees knew, or should have known of Abuser's propensity to commit sexual abuse and of the risk to Plaintiff's safety.  At the very least,

22

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 23 of 59 PageID #: 31

the Sisters of St. Dominic of Amityville knew or should have known that they did not have sufficient information about whether their employees or those working at the School, were safe or not.

135. The acts of Abuser described hereinabove were undertaken, or enabled by, or during the course, or within the scope of Abuser's employment, appointment, or agency with the Parish.

136. The acts of Abuser described hereinabove were undertaken, or enabled by, or during the course, or within the scope of Abuser's employment, appointment, or agency with the School.

137. The acts of Abuser described hereinabove were undertaken, or enabled by, or during the course, or within the scope of Abuser's employment, appointment, or agency with the Sisters of St. Dominic of Amityville.

138. The Parish's willful, wanton, grossly negligent, or negligent, acts of commission or omission resulted directly or proximately in the damages set forth herein at length.

139. The School's willful, wanton, grossly negligent, or negligent, acts of commission or omission resulted directly or proximately in the damages set forth herein at length.

140. The Sisters of St. Dominic of Amityville's willful, wanton, grossly negligent, or negligent, acts of commission or omission resulted directly or proximately in the damages set forth herein at length.

141. At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the Parish.

142. At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the School.

23

143.  At all times material to this complaint, Abuser was under the direct supervision, employ, or control of the Sisters of St. Dominic of Amityville.

144.  At all times material to this complaint, the Parish's actions were willful, wanton, malicious, reckless, grossly negligent, and outrageous in its disregard for the rights and safety of Plaintiff.

145.  At all times material to this complaint, the School's actions were willful, wanton, malicious, reckless, grossly negligent, and outrageous in its disregard for the rights and safety of Plaintiff.

146.  At all times material to this complaint, the Sisters of St. Dominic of Amityville's actions were willful, wanton, malicious, reckless, grossly negligent, and outrageous in their disregard for the rights and safety of Plaintiff.

147.  The Parish owed Plaintiff a duty of care because it had a special relationship with Plaintiff.

148.  The School owed Plaintiff a duty of care because it had a special relationship with Plaintiff.

149.  The Sisters of St. Dominic of Amityville owed Plaintiff a duty of care because they had a special relationship with Plaintiff.

150.  The Parish had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents or guardians, or the other parents or guardians of young, innocent, vulnerable children in the Parish, to properly train and supervise its clerics, employees, or agents. This special relationship arose because of the high degree of vulnerability of those children, including Plaintiff, entrusted to its care.  As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, the Parish had a duty to establish measures of protection not necessary for people who are older and better able to protect themselves.

24

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 25 of 59 PageID #: 33

151.    The School had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents or guardians, or the other parents or guardians of young, innocent, vulnerable children in the School, to properly train and supervise its clerics, employees, or agents. This special relationship arose because of the high degree of vulnerability of those children, including Plaintiff, entrusted to its care. As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, the School had a duty to establish measures of protection not necessary for people who are older and better able to protect themselves.

152.    The Sisters of St. Dominic of Amityville had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents or guardians, or the other parents or guardians of young, innocent, vulnerable children in the School, to properly train and supervise its clerics, employees, or agents. This special relationship arose because of the high degree of vulnerability of those children, including Plaintiff, entrusted to its care. As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, the Sisters of St. Dominic of Amityville had a duty to establish measures of protection not necessary for people who are older and better able to protect themselves.

153.    The Parish owed Plaintiff a duty to protect Plaintiff from Abuser's sexual deviancy, before and after Abuser's misconduct.

154.    The School owed Plaintiff a duty to protect Plaintiff from Abuser's sexual deviancy, before and after Abuser's misconduct.

155.    The Sisters of St. Dominic of Amityville owed Plaintiff a duty to protect Plaintiff from Abuser's sexual deviancy, before and after Abuser's misconduct.

156.    By accepting custody of infant Plaintiff, the Parish established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury. Further, the Parish entered a fiduciary relationship with Plaintiff by undertaking the custody,

25

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 26 of 59 PageID #: 34

supervision of, or care of infant Plaintiff. As a result of Plaintiff being an infant, and by the Parish undertaking the care and guidance of Plaintiff, the Parish also held a position of power over Plaintiff. Further, the Parish, by holding itself out as being able to provide a safe environment for children, solicited or accepted this position of power. The Parish, through its employees or agents, exploited this power over Plaintiff and, thereby, put the infant Plaintiff at risk for sexual abuse.

157. By accepting custody of infant Plaintiff, the School established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury. Further, the School entered a fiduciary relationship with Plaintiff by undertaking the custody, supervision, or care of infant Plaintiff. As a result of Plaintiff being an infant, and by the School undertaking the care and guidance of Plaintiff, the School also held a position of power over Plaintiff. Further, the School, holding itself out as being able to provide a safe environment for children, solicited or accepted this position of power. The School, through its employees or agents, exploited this power over Plaintiff and, thereby, put the infant Plaintiff at risk for sexual abuse.

158. By accepting custody of infant Plaintiff, the Sisters of St. Dominic of Amityville established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury. Further, the Sisters of St. Dominic of Amityville entered a fiduciary relationship with Plaintiff by undertaking the custody, supervision of, or care of infant Plaintiff. As a result of Plaintiff being an infant, and by the Sisters of St. Dominic of Amityville undertaking the care and guidance of Plaintiff, the Sisters of St. Dominic of Amityville also held a position of power over Plaintiff. Further, the Sisters of St. Dominic of Amityville, by holding themselves out as being able to provide a safe environment for children, solicited or accepted this position of power. The Sisters of St. Dominic of Amityville, through their employees or agents, exploited this power over Plaintiff and, thereby, put the infant Plaintiff at risk for sexual abuse.

26

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 27 of 59 PageID #: 35

159. By establishing and operating the School, accepting infant Plaintiff as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiff, accepting custody of infant Plaintiff *in loco parentis*, and by establishing a relationship with Plaintiff, the Parish entered an express or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for the children who participated in its programs. The Parish had the duty to exercise the same degree of care over minors under its control as a reasonably prudent parent would have exercised under similar circumstances.

160. By establishing and operating the School, accepting infant Plaintiff as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiff, accepting custody of infant Plaintiff *in loco parentis*, and by establishing a relationship with Plaintiff, the School entered an express or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for the children who participated in its programs. The School had the duty to exercise the same degree of care over minors under its control as a reasonably prudent parent would have exercised under similar circumstances.

161. By establishing and operating the School, accepting infant Plaintiff as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiff, accepting custody of infant Plaintiff *in loco parentis*, and by establishing a relationship with Plaintiff, the Sisters of St. Dominic of Amityville entered an express or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for the children who participated in their programs. The Sisters of St. Dominic of Amityville had the duty to exercise the same degree of care over minors under their control as a reasonably prudent parent would have exercised under similar circumstances.

162. The Parish breached the aforementioned duties it owed Plaintiff and was otherwise negligent.

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 28 of 59 PageID #: 36

163. The School breached the aforementioned duties it owed Plaintiff and was otherwise negligent.

164. The Sisters of St. Dominic of Amityville breached the aforementioned duties they owed to Plaintiff and were otherwise negligent.

165. The Parish additionally violated a legal duty by failing to report to law enforcement known or suspected abuse of children by Abuser or its other agents.

166. The School additionally violated a legal duty by failing to report to law enforcement known or suspected abuse of children by Abuser or its other agents.

167. The Sisters of St. Dominic of Amityville additionally violated a legal duty by failing to report to law enforcement known or suspected abuse of children by Abuser or their other agents.

168. The Parish's actions or inactions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities the Parish offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who Abuser had access to through the Parish's facilities and programs, Plaintiff was a foreseeable victim.

169. The School's actions or inactions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities the School offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who Abuser had access to through the School's facilities and programs, Plaintiff was a foreseeable victim.

170. The Sisters of St. Dominic of Amityville's actions or inactions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities the Sisters of St. Dominic of Amityville offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who Abuser had access to through the Sisters of St. Dominic of Amityville's facilities and programs, Plaintiff was a foreseeable victim.

28

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 29 of 59 PageID #: 37

171.    The Parish's conduct showed a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

172.    The School's conduct showed a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

173.    The Sisters of St. Dominic of Amityville's conduct showed a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

174.    Defendants breached their duties to the Plaintiff and were otherwise negligent.

175.    As a direct or indirect result of said conduct, Plaintiff has suffered the injuries and damages described herein.

176.    By reason of the foregoing, Defendants are jointly, severally, or in the alternative, liable to Plaintiff for compensatory damages, and for punitive damages, together with interest and costs.

## SECOND CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION, OR DIRECTION

177.    Plaintiff repeats and realleges by reference every allegation set forth above as if fully set forth herein.

178.    The Parish hired Abuser.

179.    The School hired Abuser.

180.    The Sisters of St. Dominic of Amityville hired Abuser.

181.    The Parish hired Abuser for a position that required Abuser to work closely with, mentor, supervise, and counsel young boys and girls.

182.    The School hired Abuser for position that required Abuser to work closely with, mentor, supervise, and counsel young boys and girls.

183.    The Sisters of St. Dominic of Amityville hired Abuser for a position that required Abuser to work closely with, mentor, supervise, and counsel young boys and girls.

29

Case 2.23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 30 of 59 PageID #: 38

184.    The Parish herein was negligent in hiring Abuser because the Parish knew or should have known, through the exercise of reasonable care, of Abuser's propensity to develop inappropriate relationships with children in the Parish's charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

185.    The School herein were negligent in hiring Abuser because the School knew or should have known, through the exercise of reasonable care, of Abuser's propensity to develop inappropriate relationships with children in the School's charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

186.    The Sisters of St. Dominic of Amityville herein were negligent in hiring Abuser because the Sisters of St. Dominic of Amityville knew or should have known, through the exercise of reasonable care, of Abuser's propensity to develop inappropriate relationships with children in the Sisters of St. Dominic of Amityville's charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

187.    Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been hired by the Parish to mentor and counsel children in the Parish.

188.    Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been hired by the School to mentor and counsel children in the School.

189.    Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been hired by the Sisters of St. Dominic of Amityville to mentor and counsel children in the School.

190.    Abuser continued to sexually abuse Plaintiff while within the Parish and School.

191.    The harm complained of herein was foreseeable.

192.    Plaintiff would not have suffered the foreseeable harm complained of herein but for the negligence of the Parish in having placed Abuser, or allowed Abuser to remain, in his position.

30

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 31 of 59 PageID #: 39

193.    Plaintiff would not have suffered the foreseeable harm complained of herein but for the negligence of the School in having placed Abuser, or allowed Abuser to remain, in his position.

194.    Plaintiff would not have suffered the foreseeable harm complained of herein but for the negligence of the Sisters of St. Dominic of Amityville in having placed Abuser, or allowed Abuser to remain, in his position.

195.    At all times material to this complaint, while Abuser was employed or appointed by the Parish, he was supervised by, under the direction of, or answerable to, the Parish, School, Sisters of St. Dominic of Amityville, or their agents or employees.

196.    At all times material to this complaint, while Abuser was employed or appointed by the School, he was supervised by, under the direction of, or answerable to, the Parish, School, Sisters of St. Dominic of Amityville, or their agents or employees.

197.    At all times material to this complaint, while Abuser was employed or appointed by the Sisters of St. Dominic of Amityville, he was supervised by, under the direction of, or answerable to, the Parish, School, Sisters of St. Dominic of Amityville, or their agents or employees.

198.    The Parish was negligent in its direction or supervision of Abuser as the Parish knew or should have known, through the exercise of ordinary care, that Abuser's conduct would subject third parties to an unreasonable risk of harm, including Abuser's propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

199.    The School was negligent in its direction or supervision of Abuser as the School knew or should have known, through the exercise of ordinary care, that Abuser's conduct would subject third parties to an unreasonable risk of harm, including Abuser's propensity to develop

31

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 32 of 59 PageID #: 40

inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

200.    The Sisters of St. Dominic of Amityville were negligent in their direction or supervision of Abuser as the Sisters of St. Dominic of Amityville knew or should have known, through the exercise of ordinary care, that Abuser's conduct would subject third parties to an unreasonable risk of harm, including Abuser's propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

201.    The Parish failed to take steps to prevent such conduct from occurring.

202.    The School failed to take steps to prevent such conduct from occurring.

203.    The Sister of St. Dominic failed to take steps to prevent such conduct from occurring.

204.    The Parish was negligent in its retention of Abuser as the Parish knew, or should have known, through the exercise of reasonable care, of his propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

205.    The School was negligent in its retention of Abuser as the School knew, or should have known, through the exercise of reasonable care, of his propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

206.    The Sisters of St. Dominic of Amityville were negligent in their retention of Abuser as the Sisters of St. Dominic of Amityville knew, or should have known, through the exercise of reasonable care, of his propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 33 of 59 PageID #: 41

207. The Parish retained Abuser in his position as mentor and counselor to such children and thus left him in a position to continue such behavior.

208. The School retained Abuser in his position as mentor and counselor to such children and thus left him in a position to continue such behavior.

209. The Sisters of St. Dominic of Amityville retained Abuser in his position as mentor and counselor to such children and thus left him in a position to continue such behavior.

210. The School was further negligent in its retention, supervision, or direction of Abuser allowing him to sexually molest Plaintiff on the School's premises.

211. The Sisters of St. Dominic of Amityville were further negligent in their retention, supervision, or direction of Abuser allowing him to sexually molest Plaintiff on the School's premises.

212. The Parish failed to take reasonable steps to prevent such events from occurring on the Parish's premises.

213. The School failed to take reasonable steps to prevent such events from occurring on the School's premises.

214. The Sister of St. Dominic failed to take reasonable steps to prevent such events from occurring on the School's premises.

215. Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been negligently retained, supervised, or directed by the Parish as a mentor and counselor to its infant parishioners, including Plaintiff.

216. Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been negligently retained, supervised, or directed by the School as a mentor and counselor to its infant students, including Plaintiff.

217.    Abuser would not and could not have been in a position to sexually abuse Plaintiff had he not been negligently retained, supervised, or directed by the Sisters of St. Dominic of Amityville as a mentor and counselor to their infant students, including Plaintiff.

218.    The Parish breached its duty of care to the Plaintiff and was otherwise negligent.

219.    The School breached its duty of care to the Plaintiff and was otherwise negligent.

220.    The Sisters of St. Dominic of Amityville breached their duty of care to the Plaintiff and were otherwise negligent.

221.    As a direct or indirect result of said negligence, Plaintiff has suffered the injuries and damages described herein.

222.    By reason of the foregoing, Defendants are jointly, severally, or in the alternative, liable to Plaintiff for compensatory damages, and for punitive damages, together with interest and costs.

**WHEREFORE,** it is respectfully requested that the Court grant judgment in this action in favor of Plaintiff, and against Defendants, jointly and severally, in a sum of money exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with all applicable interest, costs, disbursements, as well as punitive damages and such other, further, and different relief as the Court in its discretion shall deem to be just, proper and equitable.

Plaintiff further places Defendants on notice and reserves the right to interpose claims sounding in Fraudulent Concealment, Deceptive Practices, or Civil Conspiracy should the facts and discovery materials support such claims.

Dated: New York, New York
July 15, 2021

Yours, etc.,

By: Adam P. Slater, Esq.
SLATER SLATER SCHULMAN LLP
*Counsel for Plaintiff*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922-0906

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 35 of 59 PageID #: 43

Linc C. Leder, Esq.
SLATER SLATER SCHULMAN LLP
*Counsel for Plaintiff*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922-0906

## ATTORNEY'S VERIFICATION

Adam P. Slater, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

Affirmant is a partner of SLATER SLATER SCHULMAN, LLP, attorneys for the Plaintiff in the within action;

Affirmant has read the foregoing Summons & Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the source of his information and the grounds for his belief are derived from interviews with the Plaintiff and from the file maintained in the normal course of business.

Affirmant further states that the reason this verification is not made by the Plaintiff is that the Plaintiff is not presently within the County of New York, which is the county wherein the attorneys for the Plaintiff herein maintain their offices.

Dated:  New York, New York
     July 15, 2021

Adam P. Slater, Esq.

36

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 37 of 59 PageID #: 45

SUPREME COURT OF THE STATE NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

ROBERT NICOL,                                           Index No.:

                    Plaintiff,

    -against-

OUR LADY OF LOURDES a/k/a OUR LADY OF
LOURDES CHURCH MALVERNE a/k/a OUR
LADY OF LOURDES PARISH, OUR LADY OF
LOURDES SCHOOL, and SISTERS OF THE
ORDER OF ST. DOMINIC,

                    Defendants.

-------------------------------------------------------------X

# SUMMONS & VERIFIED COMPLAINT

Slater Slater Schulman LLP
*Attorneys for Plaintiff*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922-0906

### CERTIFICATION

    Pursuant to 22 NYCRR §130-1.1-a, the undersigned, an attorney duly admitted to practice in the courts of the State of New York, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous as defined in subsection (c) of the aforesaid section.

Adam P. Slater, Esq.

Linc C. Leder, Esq.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 38 of 59 PageID #: 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT NICOL,                                    Index No.  900128/2021

       Plaintiff,   **VERIFIED ANSWER**

     -against-

OUR LADY OF LOURDES a/k/a OUR LADY OF
LOURDES CHURCH MALVERNE a/k/a OUR
LADY OF LOURDES PARISH, OUR LADY OF
LOURDES SCHOOL, and SISTERS OF THE
ORDER OF ST. DOMINIC,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   Defendant Sisters of the Order of St. Dominic ("SSD" or "Defendant"), by and through

its attorneys, Farrell Fritz, P.C., as and for its Answer to the Complaint of Plaintiff Robert Nicol

("Plaintiff"), states and alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

   1.  Admits that Plaintiff purports to state a claim pursuant to the Child Victims Act

("CVA"), CPLR 214-g, and 22 NYCRR § 202.72, but, except as so admitted, denies the

allegations contained in paragraph "1" of the Complaint.

   2.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Complaint.

   3.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Complaint.

   4.  The allegations in paragraph "4" of the Complaint state a legal conclusion to

which no response is required.

1

5.     The allegations in paragraph "5" of the Complaint state a legal conclusion to which no response is required.

6.     The allegations in paragraph "6" of the Complaint state a legal conclusion to which no response is required.

## **PARTIES**

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.     The allegations set forth in paragraph "8" of the Complaint require neither an admission nor denial.  To the extent a responsive pleading is required, Defendant denies the allegations.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.     Denies the allegations in paragraph "11" of the Complaint.

12.     Denies the allegations in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 40 of 59 PageID #: 48

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Denies the allegations in paragraph "19" of the Complaint.

20.     Admits the allegations in paragraph "20" of the Complaint.

21.     Admits the allegations in paragraph "21" of the Complaint.

22.     Admits the allegations in paragraph "22" of the Complaint.

23.     Denies the allegations in paragraph "23" of the Complaint.

24.     Denies the allegations in paragraph "24" of the Complaint.

25.     Denies the allegations in paragraph "25" of the Complaint.

26.     Denies the allegations in paragraph "26" of the Complaint.

27.     Denies the allegations in paragraph "27" of the Complaint.

28.     Denies the allegations in paragraph "28" of the Complaint.

29.     Denies the allegations in paragraph "29" of the Complaint.

30.     The allegations set forth in paragraph "30" of the Complaint require neither an admission nor denial.

31.     The allegations set forth in paragraph "31" of the Complaint require neither an admission nor denial.

32.     The allegations set forth in paragraph "32" of the Complaint require neither an admission nor denial.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.     Denies the allegations in paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41.     Denies the allegations in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44.     Denies the allegations in paragraph "44" of the Complaint.

45.     Denies the allegations in paragraph "45" of the Complaint.

46.     Denies the allegations in paragraph "46" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 42 of 59 PageID #: 50

47.     Denies the allegations in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50.     Denies the allegations in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Complaint.

53.     Denies the allegations in paragraph "53" of the Complaint.

### BACKGROUND

54.     Denies the allegations in paragraph "54" of the Complaint.

55.     Denies the allegations in paragraph "55" of the Complaint.

56.     Denies the allegations in paragraph "56" of the Complaint.

### FACTS

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.     Denies the allegations in paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 43 of 59 PageID #: 51

61.    Denies the allegations in paragraph "61" of the Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65.    Denies the allegations in paragraph "65" of the Complaint.

66.    Denies the allegations in paragraph "66" of the Complaint.

67.    Denies the allegations in paragraph "67" of the Complaint.

68.    Denies the allegations in paragraph "68" of the Complaint.

69.    Denies the allegations in paragraph "69" of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

73.    Denies the allegations in paragraph "73" of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint.

Case 2.23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 44 of 59 PageID #: 52

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Complaint.

79.     Denies the allegations in paragraph "79" of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82.     Denies the allegations in paragraph "82" of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

85.     Denies the allegations in paragraph "85" of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88.     Denies the allegations in paragraph "88" of the Complaint.

7

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 45 of 59 PageID #: 53

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

91.     Denies the allegations in paragraph "91" of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint.

94.     Denies the allegations in paragraph "94" of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

97.     Denies the allegations in paragraph "97" of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Complaint.

100.    Denies the allegations in paragraph "100" of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 46 of 59 PageID #: 54

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Complaint.

103.     Denies the allegations in paragraph "103" of the Complaint.

104.     Denies the allegations in paragraph "104" of the Complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "105" of the Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Complaint.

107.     Denies the allegations in paragraph "107" of the Complaint.

108.     Denies the allegations in paragraph "108" of the Complaint.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "109" of the Complaint.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.

111.     Denies the allegations in paragraph "111" of the Complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "112" of the Complaint.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "113" of the Complaint.

114.     Denies the allegations in paragraph "114" of the Complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "115" of the Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "116" of the Complaint.

117.     Denies the allegations in paragraph "117" of the Complaint.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "118" of the Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "119" of the Complaint.

120.     Denies the allegations in paragraph "120" of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "121" of the Complaint.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "122" of the Complaint.

123.     Denies the allegations in paragraph "123" of the Complaint.

124.     Denies the allegations in paragraph "124" of the Complaint.

125.     Denies the allegations in paragraph "125" of the Complaint.

## NATURE OF THE ALLEGED CONDUCT

126.     The allegations in paragraph "126" set forth a legal conclusion to which no response is required.

127.     The allegations in paragraph "127" set forth a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION: NEGLIGENCE

128.     Responding to paragraph "128" of the Complaint, Defendant repeats and realleges the prior responses as if fully set forth herein.

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 48 of 59 PageID #: 56

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "129" of the Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "130" of the Complaint.

131.    Denies the allegations in paragraph "131" of the Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "132" of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "133" of the Complaint.

134.    Denies the allegations in paragraph "134" of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "135" of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "136" of the Complaint.

137.    Denies the allegations in paragraph "137" of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "138" of the Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "139" of the Complaint.

140.    Denies the allegations in paragraph "140" of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "141" of the Complaint.

Case 2.23-cv-04862-HG  Document 1-2  Filed 06/29/23  Page 49 of 59 PageID #: 57

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "142" of the Complaint.

143.    Denies the allegations in paragraph "143" of the Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "144" of the Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "145" of the Complaint.

146.    Denies the allegations in paragraph "146" of the Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "147" of the Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "148" of the Complaint.

149.    Denies the allegations in paragraph "149" of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "150" of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "151" of the Complaint.

152.    Denies the allegations in paragraph "152" of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "153" of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "154" of the Complaint.

155.    Denies the allegations in paragraph "155" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 50 of 59 PageID #: 58

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "156" of the Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "157" of the Complaint.

158.    Denies the allegations in paragraph "158" of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "159" of the Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "160" of the Complaint.

161.    Denies the allegations in paragraph "161" of the Complaint.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "162" of the Complaint.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "163" of the Complaint.

164.    Denies the allegations in paragraph "164" of the Complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "165" of the Complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "166" of the Complaint.

167.    Denies the allegations in paragraph "167" of the Complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "168" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 51 of 59 PageID #: 59

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "169" of the Complaint.

170.    Denies the allegations in paragraph "170" of the Complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "171" of the Complaint.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "172" of the Complaint.

173.    Denies the allegations in paragraph "173" of the Complaint.

174.    Denies the allegations in paragraph "174" of the Complaint.

175.    Denies the allegations in paragraph "175" of the Complaint.

176.    Denies the allegations in paragraph "176" of the Complaint.

**SECOND CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION OR DIRECTION**

177.    Responding to paragraph "177" of the Complaint, Defendant repeats and realleges the prior responses as if fully set forth herein.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "178" of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "179" of the Complaint.

180.    Denies the allegations in paragraph "180" of the Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "181" of the Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "182" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 52 of 59 PageID #: 60

183.    Denies the allegations in paragraph "183" of the Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "184" of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "185" of the Complaint.

186.    Denies the allegations in paragraph "186" of the Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "187" of the Complaint.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "188" of the Complaint.

189.    Denies the allegations in paragraph "189" of the Complaint.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "190" of the Complaint.

191.    Denies the allegations in paragraph "191" of the Complaint.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "192" of the Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "193" of the Complaint.

194.    Denies the allegations in paragraph "194" of the Complaint.

195.    Denies the allegations in paragraph "195" of the Complaint.

196.    Denies the allegations in paragraph "196" of the Complaint.

197.    Denies the allegations in paragraph "197" of the Complaint.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 53 of 59 PageID #: 61

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "198" of the Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "199" of the Complaint.

200.    Denies the allegations in paragraph "200" of the Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "201" of the Complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "202" of the Complaint.

203.    Denies the allegations in paragraph "203" of the Complaint.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "204" of the Complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "205" of the Complaint.

206.    Denies the allegations in paragraph "206" of the Complaint.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "207" of the Complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "208" of the Complaint.

209.    Denies the allegations in paragraph "209" of the Complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "210" of the Complaint.

211.    Denies the allegations in paragraph "211" of the Complaint.

Case 2:23-cv-04862-HG Document 1-2 Filed 06/29/23 Page 54 of 59 PageID #: 62

212. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "212" of the Complaint.

213. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "213" of the Complaint.

214. Denies the allegations in paragraph "214" of the Complaint.

215. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "215" of the Complaint.

216. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "216" of the Complaint.

217. Denies the allegations in paragraph "217" of the Complaint.

218. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "218" of the Complaint.

219. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "219" of the Complaint.

220. Denies the allegations in paragraph "220" of the Complaint.

221. Denies the allegations in paragraph "221" of the Complaint.

222. Denies the allegations in paragraph "222" of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

223. All claims for relief in the Complaint are barred by the applicable statutes of limitations, including but not limited to CPLR 214.

## **SECOND AFFIRMATIVE DEFENSE**

224. Plaintiff fails to present any facts demonstrating exceptional circumstances under CPLR 214-g such that Plaintiff was prevented from asserting timely claims.

17

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 55 of 59 PageID #: 63

### THIRD AFFIRMATIVE DEFENSE

225.     Plaintiff's claim is barred on the ground that the revival provision in CPLR 214-g is facially unconstitutional and as-applied as it violates SSD's right to due process of law under the United States and New York State Constitutions.

### FOURTH AFFIRMATIVE DEFENSE

226.     Plaintiff's claim is barred by the doctrine of laches due to the unreasonable delay in providing notice of the alleged incident(s).

### FIFTH AFFIRMATIVE DEFENSE

227.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

228.     Plaintiff's claim is barred, in whole or in part, by documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE

229.     Plaintiff fails to plead with specificity in compliance with CPLR 3016.

### EIGHTH AFFIRMATIVE DEFENSE

230.     The alleged injuries suffered by Plaintiff were not proximately caused by actions of SSD.

### NINTH AFFIRMATIVE DEFENSE

231.     The Complaint, and each cause of action asserted, fails to set forth facts sufficient to state a claim upon which relief may be granted against SSD and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from SSD.

### TENTH AFFIRMATIVE DEFENSE

232.    Any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom SSD had neither control nor responsibility, including individuals who may be unassociated with SSD, and SSD expressly reserves the right to seek indemnification for any liability incurred.

### ELEVENTH AFFIRMATIVE DEFENSE

233.    The imposition of punitive damages would violate SSD's right to due process and equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and the New York State Constitution as applied.

### TWELFTH AFFIRMATIVE DEFENSE

234.    Plaintiff's claim for punitive damages is barred, reduced, or in the alternative, is unconstitutional insofar as it constitutes an excessive fine as provided in the Eighth Amendment of the United States Constitution and Article I, Section 5 of the New York State Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

235.    Plaintiff's claim for punitive damages or exemplary damages fails to allege facts sufficient to justify an award of such damages against SSD.

### FOURTEENTH AFFIRMATIVE DEFENSE

236.    In the event Plaintiff recovers a judgment against SSD for the cost of medical care, loss of earnings, or other economic loss resulting from the events alleged to have occurred in the Complaint, SSD is entitled to a reduction in the amount of the award in favor of Plaintiff and against SSD by the amount of past and future collateral source payments to or for the benefit of Plaintiff of such loss, cost, and expense pursuant to CPLR 4545.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 57 of 59 PageID #: 65

## FIFTEENTH AFFIRMATIVE DEFENSE

237.    The limitations of liability pursuant to Article 16 of the CPLR apply to any recovery by the Plaintiff for any non-economic loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

238.    Plaintiff's alleged injuries or damages described in the Complaint caused in whole or in part by the negligence or intentional or other culpable conduct of another person or entity for whose acts were not the responsibility of SSD and over whom SSD had no control, and without any negligence, intentional or other culpable act by or on the part of SSD or SSD contributing thereto.

## SEVENTEENTH AFFIRMATIVE DEFENSE

239.    Plaintiff fails to join an indispensable party in accordance with CPLR 3211(e).

## EIGHTEENTH AFFIRMATIVE DEFENSE

240.    Defendant reserves the right to file and serve additional defenses, as appropriate.

Case 2:23-cv-04862-HG   Document 1-2   Filed 06/29/23   Page 58 of 59 PageID #: 66

**WHEREFORE**, The Sisters of the Order of St. Dominic demands judgment against

Plaintiff, as follows:

i)      Dismissing the Complaint in its entirety with prejudice;

ii)     Awarding such other and further relief as this Court deems just and proper.

Dated:   Uniondale, New York
         August 16, 2021

                                        Respectfully submitted,
                                        FARRELL FRITZ, P.C.

                        By: _____
                                        Domenique Camacho Moran
                                        Irene A. Zoupaniotis
                                        Jana A. Schwartz
                                        *Attorneys for Defendant*
                                        *Sisters of the Order of St. Dominic*
                                        400 RXR Plaza
                                        Uniondale, NY 11556
                                        516.227.0700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT NICOL,                                    Index No.  900128/2021

                      Plaintiff,          **VERIFIED ANSWER**

          -against-

OUR LADY OF LOURDES a/k/a OUR LADY OF
LOURDES CHURCH MALVERNE a/k/a OUR
LADY OF LOURDES PARISH, OUR LADY OF
LOURDES SCHOOL, and SISTERS OF THE
ORDER OF ST. DOMINIC,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                          )  ss
COUNTY OF NASSAU       )

I, Irene A. Zoupaniotis, declare:

I am an attorney at law duly admitted and licensed to practice before all courts of this State and I have my professional office at Farrell Fritz, P.C., 400 RXR Plaza, Uniondale, New York 11556.

I am an attorney of record for Defendant Sisters of the Order of St. Dominic ("SSD" or "Defendant") in the above-captioned matter.

Defendant is absent from the County in which I have my office and for that reason among others, I am making this verification on its behalf.

I have read the foregoing **VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** and know the contents thereof.  I am informed and believe that the matters stated therein are true and, on that ground, I declare to the best of my knowledge and information that the foregoing is true and correct.  The basis of my knowledge is the records in this action, my review of the file and documents therein pertaining to this matter, my conversations with representatives of Defendant, and my personal experience.

                                             _____
                                             Irene A. Zoupaniotis

Sworn to before me this
16 day of August, 2021

_____
Notary Public

                             JOHN BEAUREGARD
                      Notary Public, State of New York
                        No. 01BE6054366
                      Qualified in Nassau County
                Commission Expires January 29, 20 23